IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DESHAWN WENTZ, )
)
    Plaintiff, ) CASE NO. 3:10-0196
) JUDGE HAYNES
v. )
)
CITY OF CLARKSVILLE, )
FREDERICK McLINTOCK, WILL EVANS, )
JOEY WILLIAMSON, GREGORY BEEBE, )
JOEL GIBBONS and ROBER ROWLETT, )
)
    Defendants. )

# ORDER

Plaintiff, DeShawn Wentz, filed this action under 42 U.S.C. § 1983 against the Defendants: City of Clarksville, Frederick McLintock, Will Evans, Joey Williamson, Gregory Beebe and Joel Gibbons of the Clarksville Police Department and Robert Rowlett of the Tennessee Bureau of Investigations ("TBI"). Plaintiff asserts a Fourth Amendment claim for excessive and unreasonable use of force and a Tennessee state law claim of common law battery arising out of Plaintiff's arrest on February 25, 2009.

Before the Court is the Defendants' motion to dismiss (Docket Entry No. 27), contending that in light of Plaintiff's November 23, 2010 state conviction for resisting arrest that involves his February 25, 2009 arrest in this action, Heck v. Humphreys, 512 U.S. 477, 486 (1994) requires that this action be dismissed.

Given Plaintiff's state conviction for resisting arrest, Plaintiff cannot recover damages for excessive force in the same arrest because as the Supreme Court stated in Heck, "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must

1

prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus ..." 512 U.S. at 486-87. In Heck, the Supreme Court described a strictly similar factual scenario as here:

> A state defendant is convicted of and sentenced for the crime of resisting arrest, defined as intentionally preventing a peace officer from effecting a *lawful* arrest. (This is a common definition of that offense. He then brings a § 1983 action against the arresting officer, seeking damages for violation of his *Fourth Amendment* right to be free from unreasonable seizures. In order to prevail in this § 1983 action, he would have to negate an element of the offense of which he has been convicted. Regardless of the state law concerning res judicata, see n. 2, supra, the § 1983 action will not lie.

Id. at 487 n.6 (internal citations omitted emphasis in original).

Here, Plaintiff's conviction was rendered on January 11, 2011 and Plaintiff did not appeal that conviction. Thus, Plaintiff's federal law claims against the individual Defendants are barred by Heck. As to the City of Clarksville, because Plaintiff cannot assert a constitutional violation by the individual defendant, "the municipal defendant [] cannot be held liability under § 1983." Roberts v. Anderson, 213 Fed. Appx. 420, 427 (6th Cir. 2007).

As to his state law claim, "[u]nder Tennessee law, an officer's excessive force is a defense to a charge of resisting or evading arrest, thus, a guilty plea and resultant conviction of such a charge necessarily includes a finding that the officer did not use excessive force." Roberts, 213 Fed. Appx. at 427. Here, Plaintiff's conviction was rendered on January 11, 2011 and Plaintiff did not appeal. Thus, the state court's final judgment precludes an excessive use of force claim against the individual Defendants under Tennessee common law.

Thus, the Court concludes that Defendants' motion to dismiss should be granted as to Plaintiff's federal and state law claims and this action is **DISMISSED with prejudice**. Any appeal of this Order would not be in good faith as required by 28 U.S.C. §1915(a)(3).

This is the Final Order in this action.

It is so **ORDERED**.

**ENTERED** this the ___17th___ day of May, 2012.

WILLIAM J. HAYNES, JR.
United States District Judge